IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 26-cv-00094-TPO

ABDERRAHMANE MAMADOU GUEYE,

    Petitioner,

v.

KRISTI NOEM,
Secretary of the Department of Homeland Security,

ROBERT HAGAN,
Field Officer Director, Denver Field Office,
Immigration and Customs Enforcement,

JUAN BALTAZAR,
Warden of the Denver Contract Detention Facility, and

PAMELA BONDI,
U.S. Attorney General,

in their official capacities,

    Respondents.

---

## ORDER

**Timothy P. O'Hara, United States Magistrate Judge.**

    This matter comes before this Court upon the Petition for Writ of Habeas Corpus [ECF 1] filed by Petitioner. The Parties have consented to this Court's jurisdiction, ECF 7, and Chief U.S. District Judge Philip A. Brimmer referred the matter to this Court "for all purposes pursuant to 28 U.S.C. §636(c), ECF 9. This Court issued an Order to Show Cause, ECF 4, to which Respondents responded, ECF 8. With the filing of Petitioner's Reply, ECF 10, the Petition is fully briefed and ready for ruling. Because the Court determines that the Petitioner's challenge is fundamentally legal in nature, the Court declines to hold a hearing. *See* 28 U.S.C. § 2243. Having reviewed the

Petition and its briefing and having reviewed the relevant case law, the Court **grants** the Petition as to Claims One and Two.

## FACTUAL BACKGROUND

Petitioner is a native and citizen of Mauritania. ECF 1 ¶ 8. On May 27, 2018, Petitioner applied for admission at a porty of entry. The Department of Homeland Security ("DHS") determined that he was not admissible; detained him; and commenced removal proceedings. ECF 1 ¶ 22; ECF 8-1 ¶ 5.

Petitioner claimed a fear of persecution should he be returned to Mauritania. ECF 8-1 ¶ 6. On July 12, 2018, DHS issued a Notice to Appear thereby initiating removal proceedings under 8 U.S.C. § 1229a and classifying Petitioner as "an arriving alien." ECF 1-2. Due to the unavailability of an interpreter for Petitioner, U.S. Citizenship and Immigration Services ("USCIS") were unable to conduct a credible fear interview. ECF 8-1 ¶ 8.

Then, on December 17, 2018, Petitioner appeared before an Immigration Judge who granted a release bond in the amount of $12,000. ECF 1-3 at 2 (noting "*Rodriguez*").[1] On February 4, 2019, Petitioner posted bond and was released from custody. ECF 8-1 ¶ 12.

On September 29, 2020, Petitioner was convicted in Ohio of the offense of "Criminal Damaging or Endangering." ECF 8-1 ¶ 14. The next day, Immigration and Custom Enforcement ("ICE") took Petitioner into custody. ECF 8-1 ¶ 15.

On March 11, 2021, an Immigration Judge denied Petitioner's application for asylum and ordered Petitioner's removal to Mauritania. ECFs 1 ¶ 25; 8-1 ¶ 18. Petitioner appealed to the Board of Immigration Appeals ("BIA"). ECF 1 ¶ 25; ECF 8-1 ¶ 20.

---

[1] This is clearly a reference to *Rodriguez v. Robbins*, 804 F.3d 1060 (9th Cir. 2015).

Before Petitioner even filed a Notice of Appeal though, on March 25, 2021, ICE released him from custody again, ECF 8-1 ¶ 19, based on a Notice of Custody Determination dated March 22, 2021. ECF 1-5. This time, an Authorized Officer of DHS informed Petitioner that "[p]ursuant to the authority contained in section 236 of the Immigration and Nationality Act and part 236 of title 8,[2] Code of Federal Regulations, I have determined that, pending a final administrative determination in your case, you will be . . . Released . . . Under other conditions." ECF 1-5. The terms and conditions of Petitioner's release were commemorated in the Order of Release on Recognizance. ECF 1-6.

Petitioner moved to Colorado in December 2024. ECF 1 ¶ 29. At pre-scheduled in-person check-in on May 15, 2025, ICE detained Petitioner. ECF 1 ¶ 30. Petitioner contends that he had been fully compliant with all release conditions. *Id.* ¶ 29. According to the Deportation Officer, Petitioner's release was terminated "based on several violations while enrolled in the program." ECF 8-1 ¶ 25. This Court notes that on May 29, 2025, shortly after ICE arrested him, Petitioner was issued a work authorization that is valid until May 28, 2030. ECF 1-7.

Petitioner asserts that he "timely appealed [the asylum denial] decision to the Board, where it remains pending." ECF 1 ¶ 25. The Deportation Officer states that "[o]n January 22, 2026, DHS mailed a motion for summary dismissal of Petitioner's appeal to the BIA . . . because Petitioner failed to file a separate brief on appeal." ECF 8-1 ¶ 29. However, Respondents add, the denial of Petitioner's asylum application "is not yet administratively final." ECF 8 at 4. Nevertheless, according to Respondents, Petitioner's "removal proceedings are moving toward a definite endpoint. Pending the finalization of the Immigration Judge's decision denying Petitioner asylum relief, Petitioner will be removed." *Id.* at 16.

---

[2] Importantly, Section 236 of the INA refers to 8 U.S.C. § 1226.

It is undisputed that Petitioner has remained in Respondents' custody since May 15, 2025, a period of more than eight months.

## JURISDICTION AND LEGAL STANDARD

This Court has jurisdiction under the federal habeas corpus statute, 28 U.S.C. § 2241, to hear this case relating to the immigration-related detention. *Zadvydas v. Davis*, 533 U.S. 678, 687-88 (2001). Courts are authorized to issue a writ of habeas corpus when a person is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). It is undisputed that as of January 9, 2026, Petitioner was in immigration custody in the District of Colorado. ECF 1-1; ECF 8-1 ¶ 3. "The individual in custody bears the burden of proving that their detention is unlawful." *Batz Barreno v. Baltasar*, No. 25-cv-03017-GPG-TPO, 2026 WL 120253, at *2 (D. Colo. Jan. 15, 2026) (citing *Walker v. Johnston*, 312 U.S. 275, 286 (1941)).

## ANALYSIS

*Violation of 8 U.S.C. §§ 1225 & 1226*

Petitioner's principal claims, Counts One and Two, allege that Respondents failed to comply with the INA and subjected him to the mandatory detention provision of 8 U.S.C. § 1225(b) when he is actually subject to detention under 8 U.S.C. § 1226(a), and thus entitled to a detention hearing. ECF 1 ¶ 51. As the Court finds that Petitioner has made a sufficient showing to demonstrate that these two related claims have merit, it will address these arguments first.

The detention of noncitizens prior to a final order of removal is governed by two sections under the INA: 8 U.S.C. §§ 1225 and 1226. *Loa Caballero v. Baltazar*, No. 25-cv-03120-NYW, 2025 WL 2977650, at *4 (D. Colo. Oct. 22, 2025) (citing *Jennings*, 583 U.S. at 287). "Section 1225 mandates detention pending removal proceedings, providing that, 'if the examining

4

immigration officer determines that an alien seeking admission is not clearly and beyond a doubt entitled to be admitted, the alien *shall* be detained.'" *Portrillo Martinez v. Baltazar*, No. 26-cv-00106-PAB, 2026 WL 194163, at *2 (D. Colo. Jan. 26, 2026) (quoting 8 U.S.C. § 1225(b)(2)(A)). If none of the statutory exceptions apply, § 1225 "mandates detention without the opportunity for a bond hearing." *Id.* (citing *Hernandez v. Baltazar*, No. 25-cv-03094-CNS, 2025 WL 2996643, at *3 (D. Colo. Oct. 24, 2025)).

On the other hand, § 1226 does not mandate detention. It states that a noncitizen may be arrested pending a decision on whether to remove the individual, and once arrested, the Attorney General may continue to detain or release the individual. *Id.* (citing 8 U.S.C. § 1226(a)). Section 1226 "sets forth 'the default rule' for detaining noncitizens 'already present in the United States.'" *Quispe-Ardiles v. Noem*, No. 1:25-cv-01382-MSN-WEF, 2025 WL 2783800, at *3 (E.D. Va. Sept. 30, 2025) (quoting *Jennings*, 583 U.S. at 303). "Federal regulations provide that aliens detained under § 1226(a) receive bond hearings at the outset of detention." *Jennings*, 583 U.S. at 306.

The crux of the issue is under which section Petitioner's detention should be considered. Petitioner urges the Court to find that his detention decision is governed by § 1226(a). ECF 1 at 13; *see also Jennings*, 583 U.S. at 303. Petitioner argues that over the years, these two statutes have been consistently applied in such a way that noncitizens who entered the United States without admission and already had an established presence in the United States when removal proceedings commenced, were not subject to mandatory detention under 8 U.S.C. § 1225. ECF 1 ¶ 39. On the other hand, Respondents argue that the Court should consider Petitioner's detention under an expanded interpretation of § 1225(b)(2)(A), one that would make the mandatory detention provision of §1225(b) apply to all noncitizens who (1) are present in the country and (2) were not lawfully admitted. ECF 8 at 7-8.

This debate is not a new one. As noted by U.S. District Judge Nina Y. Wang, "federal district courts have overwhelmingly rejected Respondents' 'broad interpretation of section 1225(b)(2).'" *Loa Caballero*, 2025 WL 2977650, at *5 (collecting cases). There is a much smaller group of courts that have sided with Respondents' view. *See* ECF 8 at 6, n.3 (collecting cases); *see also Buenrostro-Mendez v. Bondi*, No. 25-20496 (consolidated with No. 25-40701), 2026 WL 323330 (5th Cir. Feb. 6, 2026).[3] This Court elects to follow the overwhelming weight of authority from across the country in disagreeing with the government's overbroad interpretation of § 1225(b)(2)(A) and finding that the detention of individuals such as Petitioner should be considered under § 1226, not § 1225. In fact, this Court has already so held in one prior case. *See Carmona v. Ceja*, No. 25-cv-04061-TPO (D. Colo. Feb. 6, 2026) (ECF 22).[4]

This Court finds District Judge Wang's statutory analysis in *Loa Caballero* to be persuasive. 2025 WL 2977650, at *5-7. The plain language of the applicable statutes would suggest that the phrase "'seeking admission' requires that the applicant must be presently and actively seeking lawful entry into the United States." *Id.* at *6. Noncitizens who have been living in the country for years, especially those working with permission, are not "'seeking admission' under § 1225(b)(2)(A)." *Id.* (citing *Lopez-Campos*, 2025 WL 2496379, at *6).

---

[3] In *Buenrostro-Mendez*, the Fifth Circuit recently overturned a district judge's order to provide petitioners with a bond hearing under § 1226. As explained in *Singh v. Baltazar*, No. 26-cv-00336-CNS, at 7-13 (D. Colo. Feb. 9, 2026), though, the Fifth Circuit's decision is at most persuasive and does not represent the view of a majority of the circuits on this issue. *Id.* at 6-7. In fact, as noted by the dissent in *Buenrostro-Mendez*, the Seventh Circuit has expressed disagreement with the *Buenrostro-Mendez* majority's position. *Castanon-Nava v. U.S. Dep't of Homeland Sec.*, 161 F.4th 1048, 1061 (7th Cir. 2025). The Tenth Circuit has yet to weigh in on this issue.

[4] This conclusion is especially supported in the present case when, as explained below, the government's treatment of Petitioner leading up to his most recent detention contradicts its current argument and supports his detention under § 1226.

The principal thread of Respondents' argument is that *all noncitizens* should be deemed "applicants for admission," including those noncitizens who have been present in the country for long periods of time. ECF 8 at 7 (citing 8 U.S.C. § 1225(a)(3)). Respondents claim that *Jennings* supports their conclusion. *Id.* at 7-8 (citing *Jennings*, 583 U.S. at 287-89).

This Court disagrees with the Respondents' interpretation of *Jennings*. After all, the *Jennings* Court distinguished the two statutes when it held that "[i]n sum, U.S. immigration law authorizes the Government to detain certain aliens *seeking admission* into the country under §§ 1225(b)(1) and (b)(2)" and that "[i]t also authorizes the Government to detain certain aliens *already in the country pending the outcome of removal proceedings* under [ ] § 1226(a)." *Portillo Martinez v. Baltazar*, No. 26-cv-00106-PAB, 2026 WL 194163, at *3 (D. Colo. Jan. 26, 2026) (quoting *Jennings*, 583 U.S. at 289) (emphasis in *Portillo Martinez* not in *Jennings*).

Numerous courts have disagreed with Respondents' position, finding, like in *Loa Caballero*, that "[n]oncitizens who are just 'present' in the country . . ., who have been here for years upon years and never proceeded to obtain any form of citizenship[,] . . . are not 'seeking' admission under § 12225(b)(2)(A)." *Hernandez*, 2025 WL 2996643, at *5 (quoting *Lopez-Campos v. Raycraft*, No. 2:25-CV-12486, 2025 WL 2496379, at *6 (E.D. Mich, Aug. 29, 2025)). Even the title of § 1225, "Inspection by immigration officers; expedited removal of inadmissible arriving aliens; referral for hearing," suggests a different application of § 1225, one not applicable to an individual living in the United States for the last seven years like Petitioner.

*Petitioner's Prior Immigration Proceedings Are Consistent with Detention Under § 1226*

Petitioner raises an additional argument why his case should be processed under § 1226(a): Respondents have consistently handled his case under § 1226(a). ECF 1 ¶¶ 50-53; ECF 10 at 2-6. Petitioner first contends that his initial bond release in 2018 was done pursuant to § 1226(a). ECF

7

10 at 2-3 (hearing conducted pursuant to the injunction issued by the Ninth Circuit in *Rodriguez*).[5] Petitioner furthers that when he was taken into custody in September 2020, it likewise was done under the § 1226(a) rubric. *Id.* at 3-4. Respondents again acted pursuant to § 1226(a) when they released him on March 22, 2021. *Id.* at 4; ECF 1-6. Petitioner argues that his ROR release was not the equivalent of parole under 8 U.S.C. § 1182(d)(5), but rather a form of conditional parole or bond, yet another action consistent with § 1226(a). *See, e.g., J.U. v. Maldonado*, --- F. Supp. 3d ---, 2025 WL 2772765, *6 (E.D.N.Y. Sept. 29, 2025) (collecting cases). The Court finds this to be strong evidence in favor of construing Petitioner's current detention under § 1226.[6]

Respondents do not dispute that they previously treated his custodial status under § 1226. Instead, they argue that although Petitioner was released from custody previously, it "does not change the fact that he falls within the scope of § 1225." ECF 8 at 11. In support, Respondents cite only *Garcia v. United States*, No. 25-cv-1053-KCD-DNF, 2025 WL 3537592 (M.D. Fla. Dec. 10, 2025). In *Garcia*, U.S. District Judge Kyle C. Dudek found that the petitioner's apprehension at the border "put[] him squarely under § 1225." *Id.* at 1. There, though, the court found that the petitioner had been previously released "on parole," not under 8 U.S.C. § 1226. *Id.* (citing *Jennings*, 583 U.S. at 288) (quoting 8 U.S.C. § 1182(d)(5)(A)).

This Court does not find *Garcia* more persuasive than the cases addressing this issue directly and find that "Respondents' decision to detain a noncitizen pursuant to § 1225(b)(2)(A) despite the initial application of § 1226 [is] an 'impermissible post hoc rationalization.'" *Arauz v.*

---

[5] In *Rodriguez*, the Ninth Circuit affirmed the preliminary injunction entered by a district judge in the Central District of California requiring bond hearings for all class member noncitizens detained under either the mandatory detention provisions of § 1225(b) or § 1226(c). 715 F.3d at 1130-31. All these individuals were detained for six months or longer.

[6] This conclusion also is supported by Respondents' recent decision to approve Petitioner's Employment Authorization. *See* ECF 1-7.

*Baltazar*, 2025 WL 3041840, at *4 (D. Colo. Oct. 31, 2025) (citing *Martinez-Elvir v. Olson*, No. 3: 25-CV-589-CHB, 2025 WL 3006772, at *9 (W.D. Ky. Oct. 27, 2025); *Lopez-Campos v. Raycraft*, No. 2:25-CV-12486, 2025 WL 2496379, at *7 (E.D. Mich. Aug. 29, 2025); *Barrera v. Tindall*, No. 3:25-CV-541-RGJ, 2025 WL 2690565, at *4 (W.D. Ky. Sept. 19, 2025)).

As a result, Respondents' treatment of Petitioner's detention under § 1226 also supports his entitlement to a bond hearing at this stage.

*Conclusion*

Therefore, this Court agrees with Petitioner that § 1226(a) governs his detention. Petitioner therefore prevails on both Counts One and Two. Petitioner is entitled to a release determination/bond hearing consistent with § 1226(a)(2).

The Respondents shall conduct the appropriate bond hearing within seven days of the date of this Order. *See Portillo Martinez*, 2026 WL 194163 at *2 (ordering respondents to provide a bond hearing within seven days of the court's order granting the habeas petition); *Loa Caballero*, 2025 WL 2977650, at * 1 (same); *Garcia Cortes v. Noem*, No. 25-cv-02677-CNS, 2025 WL 2652880, at *5 (D. Colo. Sept. 16, 2025) (same). The Court declines to order Petitioner's release at this time because release under 8 U.S.C. § 1226(a) is discretionary, and because the Immigration Judge is in a better position to decide between detention or release in the immigration context, *Portillo Martinez*, 2026 WL 194163, at *5 (finding that an immigration judge is better suited to determine the issue of detention). The government will bear the burden of justifying Petitioner's continued detention by clear and convincing evidence of dangerousness or flight risk. *Hernandez v. Baltazar*, No. 26-cv-00276-WJM-TPO, 2026 WL 304362, at *4 (D. Colo. Feb. 5, 2026).

9

*Petitioner's Additional Claims*

Because this Court is ordering a release determination/bond hearing, this Court denies Petitioner's procedural due process claims at Counts Three and Four as premature. However, this Court denies them without prejudice to re-assert them should subsequent developments make it appropriate to do so. *See Hernandez*, 2025 WL 2996643 at *8 (citations omitted).

## CONCLUSION

For the above reasons, it is therefore **ORDERED** that:

1) Petitioner's Petition for Writ of Habeas Corpus [ECF 1] is **GRANTED** as to Counts One and Two;

2) Respondents shall conduct the appropriate release determination/bond hearing under 8 U.S.C. § 1226(a) within seven days of this Court's order, *i.e.*, **by February 23, 2026**; and

3) On or before **February 27, 2026**, the Parties shall file a Joint Status Report informing the Court of whether the bond hearing was held and whether bond was granted or denied.

SO ORDERED.

DATED at Denver, Colorado, this 16th day of February, 2026.

BY THE COURT:

Timothy P. O'Hara
United States Magistrate Judge